

# The Attorney General of Texas

April 11, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Mr. Ron Jackson
Executive Director
Texas Youth Council
8900 Shoal Creek
Austin, Texas 78766

Opinion No. H- 1152

Re: Authority of TYC to use
Community Assistance funds to
reimburse recipients of such
funds for expenses of outside
audits.

Dear Mr. Jackson:

You have requested our opinion as to the authority of your agency to use Community Assistance funds to reimburse recipients of such funds for expenses of having outside audits conducted which are required by law. It is our opinion that such use of these appropriated funds is implicitly authorized.

Article 3, section 44 of the Texas Constitution provides that "[t] he Legislature . . . shall not . . . grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law. . . ." In addition to the requirement of pre-existing law, article 8, section 6 provides that "[n] o money shall be drawn from the Treasury but in pursuance of specific appropriations made by law." We find the pre-existing law for the requested use of Texas Youth Council (TYC) funds to be article 5143d, section 6, V.T.C.S. The specific appropriation is item 5f, "Community Assistance," of the 1977 appropriations. General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. II, at 2786.

Article 5143d, establishing the Texas Youth Council, provides in part:

Sec. 6. The Texas Youth Council shall:

. . .

(e)(1) Assist local communities by providing services and funding for programs for the pre-delinquent and

delinquent through contracts with local public and private nonprofit entities which volunteer for such assistance when funds are available for the purpose. Such assistance shall be granted under the following terms and conditions:

(A) Rules and Regulations of the Texas Youth Council. (i) The Texas Youth Council shall prescribe such rules, regulations, priorities, and standards, not inconsistent with the Constitution and laws of this state, as it considers necessary and appropriate to insure adequate services by the local entity rendering the service.

. . .

(D) Programs and Services to be Audited. All services and programs funded by authority of this subsection shall be monitored and evaluated fiscally and programmatically by the Texas Youth Council to assure cost and program effectiveness.

If the TYC determines that using Community Assistance funds to reimburse audit expenses is "necessary and appropriate to insure adequate services by the local entity" receiving the fund, such use of funds is authorized. V.T.C.S. art. 5143d, S 6(e)(1)(A). See V.T.C.S. art. 5143d, S 2; Attorney General Opinion WW-865 (1960).

Subdivision (D) of section 6 quoted above requires that the TYC monitor the Community Assistance program. If audits, funded by Community Assistance funds, are a reasonably implied necessity for securing the maximum benefit of the program, then such use of the funds can "assist local communities by providing services and funding for programs for the pre-delinquent and delinquent. . . ." V.T.C.S. art. 5143d, S 6(e)(1).

Article V, section 30 of the 1977 General Appropriations Act provides in part that:

None of the appropriations herein made shall be used to employ any firm or person to audit the books of any department, board, commission, institution or State agency, this being the duty of the State Auditor . . . .

. . .

Notwithstanding other provisions of this Act, any state agency providing grants or operating funds for governmental programs to local governmental units, private corporations, or other organizations other than a state agency or department, may require, as a condition to granting or providing such funds, that the receiving entity have a yearly

independent audit performed and transmitted to the state agency. If sufficient personnel are available, the state agency may have its internal audit staff make a yearly inspection visit to the local entity.

Section 30 does not necessarily impose audit costs on the recipients, nor does it preclude reimbursement by the state.

## SUMMARY

The Texas Youth Council has authority to use Community Assistance funds to reimburse recipients of such funds for expenses of having outside audits performed.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst